# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

BILLY CHARLES AARON
ADC #110649                                                                                    PLAINTIFF

V.                                 5:06CV00312 WRW/HDY

GRANT HARRIS, Warden, Varner Unit, Arkansas
Department of Correction; THOMAS W. HURST,
Asst. Warden, Varner Unit, Arkansas Department of Correction;
GARY L. VALLS, Sgt., Delta Regional Unit,
Arkansas Department of Correction; and CHRIS
COODS, Hearing Officer, Central Office,
Arkansas Department of Correction                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

1

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff, a prisoner at the Varner Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se*, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was improperly convicted of a disciplinary violation involving a claim of rape and assault of a fellow inmate. He challenges the factual basis of the conviction, as well as the failure to provide him with DNA testing and the appointment of counsel. By way of relief he seeks, among other things, compensatory and punitive damages and release from administrative segregation, "reinstate[ment of] Plaintiff's parole and immediate release from prison." The Court has carefully reviewed the documents submitted

by Plaintiff and concludes that he has failed to state a claim upon which relief may be granted. Accordingly, the Court recommends that Plaintiff's Complaint be dismissed, without prejudice.

## I. Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Background

In his Complaint, Plaintiff alleges that he was convicted of a disciplinary violation for a sexual assault on another inmate. Plaintiff appealed the disciplinary conviction through the level of the director of the Arkansas Department of Correction, but the decision was affirmed. There is

not, however, any evidence that Plaintiff has sought or obtained relief on appeal to the state courts. At first blush it appeared that Plaintiff's original Complaint sought to allege claims related to a denial of access to the court and retaliatory discipline. However, review of Plaintiff's Amended Complaint reveals that these statements stem from his assertion that he was denied the assistance of counsel at the disciplinary proceedings. Moreover, the grievances he claims to have filed that would give rise to a charge of retaliatory discipline appear to have been submitted by Plaintiff *after* the disciplinary conviction; they cannot, therefore, amount to support for claims of retaliatory discipline.

### III. Analysis of Plaintiff's Claims

After careful review, the Court finds that Plaintiff's complaint falls within the context of *Heck v. Humphrey*, 114 S.Ct. 2364 (1994) and *Sheldon v. Hundley*, 83 F. 3d 231 (8th Cir. 1996). In *Heck*, the United States Supreme Court held that, if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, no claims for damages lie unless the conviction or sentence is reversed, expunged, or called into question by the issuance of a federal *writ of habeas corpus*. In *Sheldon, supra*, the Eighth Circuit Court of Appeals applied *Heck* within the context of prison disciplinary proceedings, and held that an inmate may not bring such an action challenging a disciplinary that resulted in the loss of good-time credits until the disciplinary proceedings have been invalidated. *Id.* at 233. To the extent that plaintiff requests monetary damages based on the unlawfulness of his sentence, the Court finds that this portion of his claim must fail pursuant to *Heck*. In this particular case, plaintiff is asking the Court to award him damages based on an allegedly illegal sentence based on his challenge to the validity of his conviction for the disciplinary. Therefore, the Court finds that

his complaint falls within *Heck, supra*.

In addition, to the extent that plaintiff is challenging his illegal sentence, the Court finds that he is, in effect, challenging the length or duration of his confinement, and if successful, would be entitled to an earlier release from prison. This relief is only available, however, through a petition for writ of habeas corpus ***after first exhausting state remedies***. *See Wilson v. Lockhart*, 949 F.2d 1051 (8th Cir. 1991). Plaintiff does not indicate in his complaint that such state remedies have been pursued.

A finding by this Court in favor of Plaintiff would imply the invalidity of the disciplinary proceeding. Plaintiff cannot pursue a § 1983 action based on the alleged violation of his rights until the disciplinary is invalidated by a state or federal court.[1] It is, therefore, recommended that Plaintiff's complaint be dismissed, and the relief sought denied.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that dismissal of this action count as a "strike" for

---

[1] To properly challenge his disciplinary conviction and loss of good time credits, Plaintiff should file, in the state circuit court of the county where he is incarcerated, a petition for writ of *mandamus*, under Ark. Code Ann. § 16-115-101, *et seq.*, or a petition for a declaratory judgment under 16-111-101, *et seq*. *See Graham v. Norris*, 10 S.W. 3d 457 (Ark. 2000); *Duncan v. Bonds*, 987 S.W. 2d 721 (1999). If the trial court does not grant Plaintiff relief, he should appeal to the Arkansas Supreme Court. If the Arkansas Supreme Court affirms the trial court's ruling, Plaintiff should then file a petition for writ of habeas corpus in federal court. Plaintiff may re-file his due process claim under § 1983 if he is successful in overturning his disciplinary conviction in state court, or if he prevails in a habeas action in federal court. *Sheldon*, 83 F.3d at 234.

purposes of 28 U.S.C. § 1915(g).[2]

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this __17__ day of January, 2007.

*[signature: H Daniel Young]*

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." The Eighth Circuit has held that, if a plaintiff fails to exhaust available administrative remedies before initiating an action in federal court, the complaint fails to state a claim upon which relief may be granted. *Porter v. Fox*, 99 F.3d 271 (8th Cir. 1996); *Sharps v. United States Forest Serv.*, 28 F.3d 815 (8th Cir. 1994).