**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**


BILLY CHARLES AARON
ADC #110649                                                                                      PLAINTIFF


V.                                        5:06CV00312 WRW/HDY


GRANT HARRIS, Warden, Varner Unit, Arkansas
Department of Correction; THOMAS W. HURST,
Asst. Warden, Varner Unit, Arkansas Department of Correction;
GARY L. VALLS, Sgt., Delta Regional Unit,
Arkansas Department of Correction; and CHRIS
COODS, Hearing Officer, Central Office,
Arkansas Department of Correction                                            DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

     The following recommended disposition has been sent to United States District Court Judge

William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

     If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, a prisoner at the Varner Unit of the Arkansas Department of Correction ("ADC"),

filed this action *pro se*, pursuant to 42 U.S.C. § 1983, arguing that he was improperly convicted of

a disciplinary violation involving a claim of rape and assault of a fellow inmate. He challenged the

factual basis of the conviction, as well as alleging due process violations for the failure to provide

him with DNA testing and the appointment of counsel, and sought compensatory and punitive

damages, release from administrative segregation, "reinstate[ment of] Plaintiff's parole[,] and

immediate release from prison."

2

The undersigned prepared a Report and Recommendations on January 17, 2007 (docket entry #7) which recommended the dismissal of Plaintiff's cause of action on the grounds that this was a *Heck v. Humphrey*, 114 S.Ct. 2364 (1994) issue not properly before the Court as a 42 U.S.C. § 1983 action. No objections to the Recommendations were received by the Court before the deadline set, and an Order adopting them as the decision of the district court was entered on January 30, 2007. The same day that Judgment was entered dismissing Plaintiff's cause of action, the Court received objections (docket entry #12) from Plaintiff to the Recommendations. Apparently, Plaintiff's mail was delayed at the Unit and the objections were not docketed in time for review prior to the dismissal of the cause of action. Upon receipt of the Order of dismissal, Plaintiff submitted several other pleadings which the Court has docketed as a Motion for Reconsideration of the adoption of the Recommended Disposition (docket entry #14). Therefore, the Court will construe Plaintiff's pleadings received since the dismissal of his cause of action, including the Application for *In Forma Pauperis* Status on Appeal (docket entry #13), as his request for reconsideration of the decision of the district court in adopting the Recommended Disposition.

In his Complaint, Plaintiff alleged that he was convicted of a disciplinary violation for a sexual assault on another inmate. Plaintiff appealed the disciplinary conviction through the level of the director of the Arkansas Department of Correction, but the decision was affirmed. There was not, however, any evidence that Plaintiff has sought or obtained relief on appeal to the state courts.

In dismissing his Complaint, the Court found that Plaintiff's claims fell within the context of *Heck v. Humphrey*, 114 S.Ct. 2364 (1994) and *Sheldon v. Hundley*, 83 F. 3d 231 (8th Cir. 1996). In *Heck*, the United States Supreme Court held that, if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued

3

imprisonment, or sentence, no claims for damages lie unless the conviction or sentence is reversed, expunged, or called into question by the issuance of a federal *writ of habeas corpus*.  In *Sheldon, supra*, the Eighth Circuit Court of Appeals applied *Heck* within the context of prison disciplinary proceedings, and held that an inmate may not bring such an action challenging a disciplinary that resulted in the loss of good-time credits until the disciplinary proceedings have been invalidated. *Id.* at 233.

Because Plaintiff is, in effect, challenging the length or duration of his confinement, the relief he seeks is only available through a petition for writ of *habeas corpus **after first exhausting state remedies***.  *See Wilson v. Lockhart*, 949 F.2d 1051 (8th Cir. 1991).  Nothing in Plaintiff's Complaint, or in the pleadings he has filed seeking reconsideration, suggests that he has exhausted his state court remedies.  Rather, Plaintiff has re-argued the same points raised in his Complaint and Amended Complaint: that his disciplinary conviction violated due process because he was not allowed to call certain witnesses or obtain DNA evidence that he claims would have exonerated him of the charges.

Assuming for the sake of argument that each point that Plaintiff has raised is true, this action still could not proceed *at this point* as a § 1983 claim, because his disciplinary conviction has not been set aside by a reviewing court.  Plaintiff is free to challenge his conviction in state court, under the procedures outlined for him in the Recommended Disposition, and if that is unsuccessful to seek federal court review by way of a *habeas corpus* petition.  Only if he succeeds in having the disciplinary conviction reversed can he seek damages under 42 U.S.C. § 1983 for injury that occurred to him as a result of the improper disciplinary conviction.  Plaintiff's Motions offer no reason or argument, compelling or otherwise, in support of his request for reconsideration that have not already been raised and addressed in the Court's Orders dismissing this cause of action .  Nothing

in Plaintiff's request for reconsideration of the district court's dismissal of the cause of action changes the analysis and therefore the undersigned recommends the denial of the Motion for Reconsideration (docket entry #14).

Lastly, and perhaps in the alternative, Plaintiff seeks leave to amend his Complaint "to add more Defendants to this action that was involved and it also resulted in him being assaulted by the officers at the Varner Unit concerning Plaintiff's Complaint in this case" [sic].  This request should be denied.  To the extent that Plaintiff would name additional Defendants as they relate to his claims concerning his improper conviction for a disciplinary proceeding, this would be moot.  The problem with his cause of action is not the identity of the Defendants, but rather the nature of the claims themselves.

If Plaintiff has suffered assault or the use of excessive force against him by officers at the Unit, that certainly could give rise to liability under § 1983.  However, those claims, whether they occurred in conjunction with the disciplinary or since the filing of the Complaint (it being difficult to determine from Plaintiff's statement which is the case), would more properly be brought in a new and separate Complaint, filed pursuant to 42 U.S.C. § 1983.

## Conclusion

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion for Reconsideration (docket entry # 14) and Motion for Leave to Appeal *In Forma Pauperis* (docket entry #13) be DENIED.

DATED this __9__ day of March, 2007.

_____
UNITED STATES MAGISTRATE JUDGE